**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

ANTHONY GIPSON                                                                          PLAINTIFF
ADC #105246

v.                                        3:20-cv-00141-DPM-JJV

BRENT COX, *et al.*                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D. Price Marshall Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.     INTRODUCTION

Anthony Gibson ("Plaintiff") is incarcerated at the Omega Center of the Arkansas Department of Corrections and filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.)  Plaintiff sued Greene County Detention Center Administrator Brent Cox and Greene County Sheriff Steve Franks in their personal and official capacities.  (Doc. No. 2 at 1-2.)  According to Plaintiff, he was taken to jail and placed in a holding cell on a public intoxication charge in early August 2019.  (*Id*. at 4.)  He says he "remembers being shot twice with rubber bullets and then maced."  (*Id*.)  When the next shift arrived, photographs of his body were taken and he was placed in general population.  (*Id*.)  Approximately twenty-eight days later, he was admitted to a medical clinic—and approximately seven days after that, he "was taken to Jonesboro Neurosurgery Clinic where [his] head was opened from very severe head trauma [and] 3 inches of [his] swollen brain was removed along with a significant portion of [his] skull."  (*Id*.)  Plaintiff claims that at some point he was pronounced dead.  (*Id*. at 4-5.)  Plaintiff was eventually discharged, but later learned he needed eye surgery.  (Doc. No. 2 at 5.)  In the interim, the portion of Plaintiff's skull that was removed has been replaced.  (*Id*.)  Plaintiff seeks damages. (*Id*. at 6.)

## II.    SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."    *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    The factual allegations must be weighted in favor of Plaintiff.    *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).    "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."    *Id.*    But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.    *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.    ANALYSIS

As a part of the screening process, on May 21, 2020 I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted.    (Doc. No. 3 at 4-6.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him.    (*Id.* at 8.)    He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be

dismissed without prejudice. (*Id*. at 6.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient. As to any official capacity claims, each Defendant is an official of Greene County, Arkansas. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must prove that a policy, practice, or custom attributable to the municipality caused the constitutional injury. *See id.* But Plaintiff has not alleged that any policy, practice, or custom was the moving force behind the alleged violation of his protected rights. (Doc. No. 2.) Accordingly, Plaintiff's Complaint fails to state an official capacity claim.

As to his personal capacity claims, Plaintiff named Brent Cox and Steve Franks as Defendants, but Plaintiff makes no specific factual allegations against them. Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent Plaintiff seeks to make an excessive force claim, he has not identified any action by either Defendant that I could interpret as violating Plaintiff's rights. *See Edwards v. Byrd*, 750 F.3d 728, 732-33 (8th Cir. 2014). Plaintiff also appears to allege he was denied medical treatment. He similarly did not identify any action by either Defendant that I could interpret as ignoring Plaintiff's serious medical needs. *See Barton v. Taber*, 820 F.3d 958, 964-965 (8th Cir. 2016). Liability under § 1983 is based on an individual's actions. 42 U.S.C. § 1983. Plaintiff's allegations are serious, but because he did not explain what either Defendant did, there is no basis for liability against them.

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include to cure the deficiencies. Yet Plaintiff has not filed an

Amended Complaint.  Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim as explained above.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 26th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."